This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39986**

**KRISTEN WEDDLE,**

Plaintiff-Appellant,

v.

**CITY OF TRUTH OR CONSEQUENCES,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SIERRA COUNTY**
**Mercedes C. Murphy, District Judge**

Western Agriculture, Resource
and Business Advocates, LLP
A. Blair Dunn
Jared R. Vander Dussen
Albuquerque, NM

for Appellant

Jarmie & Rogers, P.C.
Cody R. Rogers
Las Cruces, NM

for Appellee

### MEMORANDUM OPINION

**ATTREP, Judge.**

**{1}** Plaintiff asserts the district court erred by dismissing Count 1 of her complaint, brought pursuant to the New Mexico Whistleblower Protection Act (WPA), NMSA 1978, §§ 10-16C-1 to -6 (2010). We issued a notice of proposed summary disposition proposing to affirm. Plaintiff filed a memorandum in opposition to our proposed summary affirmance, which we have duly considered.

**{2}** Plaintiff's memorandum in opposition has not asserted any fact, law, or argument that persuades us that our notice of proposed disposition was erroneous. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374; *see also Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). Accordingly, for the reasons stated in our notice of proposed disposition and herein, we conclude that Plaintiff failed to demonstrate error on appeal. *Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063 (stating that the burden is on the appellant to clearly demonstrate that the trial court erred); *State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (stating that there is a presumption of correctness in the rulings or decisions of the trial court, and the party claiming error bears the burden of showing such error). We therefore affirm.

**{3}     IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**SHAMMARA H. HENDERSON, Judge**